IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Brian Swontek,
 Plaintiff,

v.

 Case No.: 1:18CR00019-001

Warden Broton,
 Respondent.



**Motion Pursuant to 28 U.S.C. § 2241 Challenging the Miscalculation of Credits by the Bureau of Prisons.**

Movant Brian Swontek hereby seeks of the District Court relief in the form of all credits for time served. Specifically, Movant is seeking the Bureau of Prisons ("BOP") to grant credits from August 30, 2018 to April 29, 2019, or the time that the Movant was removed from state custody by the U.S. Marshall Service to appear for a federal writ, and retroactive credits beginning September 28, 2017.

### JURISDICTION

Title 18 U.S.C. § 3585(b) provides that a defendant must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences". As the Supreme Court has established, "[a] district court ... cannot apply § 3585(b) at sentencing". United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). Rather,

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence... because the offender has a right to certain jail-time credits under § 3585

(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Id. at 335, 112 S.Ct. at 1355. Thus, the proper vehicle for a prisoner challenging a B.O.P. action on the basis of its noncompliance with §3585(b) is a petition for a writ of habeas corpus under § 2241. United States v. Olaremi, 190 F.3d 538 (5th Cir. 1999)(citation omitted); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008)(challenges to execution of sentence are properly brought under § 2241).

A § 2241 petition seeking a sentence reduction pursuant to 18 U.S.C. § 3585(b) is subject to two important conditions. First, the petition must be filed against the petitioner's warden, and must be filed in the district in which the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004)("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Second, "a prisoner seeking reduction of his sentence pursuant to 18 U.S.C. §3585(b) must exhaust administrative remedies before petitioning for judicial review under 28 U.S.C. § 2241." United States v. Whittingham, 544 Fed. Appx. 928, 929 (11th Cir. 2013)(citing United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)(per curiam); see also United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989) ("a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence")(interpreting § 3585(b)'s predecessor, § 3568); United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). "Exhaustion of administrative remedies is jurisdictional."

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)(addressing denial of a § 2241 petition).

Here, Swontek has file in his district of confinement, and Petitioner has exhausted his administrative remedies with the B.O.P.. The petition is thus properly filed before this Court for adjudication on the merits.

## ADMINISTRATIVE REMEDY No. 1132023-A2

In Swontek's original administrative remedy request (See Attachment "A"), he sought all credits for prior custody credit from September 29, 2017 through April 30, 2019. Movants request was based on the district court's order that his "sentence was to be concurrent and retroactive with the sentence imposed in the state court". J.2, ECF No. 84. The B.O.P. ultimately came to the conclusion that Swontek was eligible for Willis credits (Willis v. United States) from October 13, 2017 through April 10, 2018.

The current challenge Swontek lodges is that credit should be granted that was served in federal custody from August 30, 2018 through April 29, 2019, for a total of eight (8) months. The B.O.P. relies upon 18 U.S.C. § 3585(b) which reads in part for calculation of a term of imprisonment that:

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

-3-

The B.O.P. relies and claims that Swontek's time spent in Marshall custody from August 30, 2018 through April 29, 2019 cannot be credited towards his federal sentence because it was also credited to another sentence, in violation of 18 U.S.C. § 3585. However, the B.O.P.'s ruling is error. Nowhere in the B.O.P.'s response is there evidence of the state crediting August 30, 2018 through April 29, 2019 to Swontek's time served in the custody of the federal Marshal's. The B.O.P would essentially wipe away Swontek's time actually served in federal custody of the Marshal's.

A further review of the B.O.P.'s analysis would reveal that Swontek was removed from state custody, which is acknowledged by the B.O.P. on August 30, 2018, and not returned until May 2, 2019. The district court's order has no bearing on a state sentence. The district court merely entered a judgment that would allow the state court's sentence to run concurrently to the federal sentence saving Swontek from a consecutive state sentence, and to give "retroactive" credit.

Additionally, the B.O.P. mistakenly states that Swontek was in state custody from April 11, 2018 through April 29, 2019 in its final decision, when just shortly before in its own response, the B.O.P. states Swontek was removed from state custody. This leaves ambiguity as to which statement is true.

## DISTRICT COURT CLARIFICATION

In an attempt to clarify these issues, Movant Brian Swontek simultaneously sought clarification through his sentencing court (The United States District Court for the Western District of Virginia, Abingdon Division) for credits for time served.

The sentencing court notes that "the record indicates that Swontek was sentenced by a state court". This was the circuit court of Washington County, Virginia— on April 23, 2018, to a term of three years imprisonment after conviction for drug offenses. He had been arrested on these state charges on September 28, 2017. Following his state sentence, he was charged in the Western District of Virginia,

U.S. district court with a federal drug offense and was obtained by writ from a Virginia prison on August 24, 2018. He pleaded guilty to the federal charge and was sentenced by that court on April 30, 2019 to 180 months imprisonment.

The plea agreement the Movant signed provided that the government would recommend to the federal court that the sentence imposed would run "concurrently to the sentences imposed in Washington County Circuit Court ... and credit for any served portion of his sentence". Plea Agreement 4, ECF No. 66. In the judgement entered by the U.S. District Court, it was provided that Swontek's sentence would be "concurrent and retroactive with the sentence imposed in the Washington County Circuit Court". J. 2, ECF No. 84.

The sentencing court deferred to the administrative remedy process with the Bureau of Prisons, who had already previously miscalculated his credits. The sentencing court further instructed Swontek to file habeas relief pursuant to 28 U.S.C. § 2241 in the federal district of confinement. The district court entered its judgement on May 10, 2023, (See Attachment B) and this motion follows.

In the BOP's estimation, Swontek was only eligible for Willis credit from October 13, 2017 through April 10, 2018. A careful review of the BOP's calculation shows that Swontek was originally arrested for the state drug charges on September 28, 2017. He was released to Smyth County Virginia Circuit Court to serve a 15 day term of imprisonment on October 16, 2017. On April 11, 2018, the Washington County Virginia Circuit Court sentenced Swontek to a three (3) year term of imprisonment. Swontek remained in custody in the state on these charges until August 30, 2018, when he was transported to be responsible for the federal charges.

He was in custody of the U.S. Marshals until April 30, 2019. The concurrent guidance of the district court should have directed the BOP to include credits from September 28, 2017 through October 16, 2017 approximately. Swontek was returned to Washington County after a 15 day term and was ultimately sentenced on April 18,

2018. He remained in state custody until August 30, 2018, and should receive credit not only for the August 30, 2018 through April 30, 2019 credits, but also for the September 28, 2017 through October 13, 2017 and October 13, 2017 through August 30, 2018 time periods.

The Willis doctrine (Willis v. United States, 438 F.2d 923 (5th Cir. 1974)) provides a double credit rule in 18 U.S.C. § 3585(b) "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date. When this exception applies, an inmate is entitled to receive Willis credit toward his federal sentence for all pre-sentence (state or federal) begins". Edison v. Berkebile, 349 Fed. Appx. 953, 956 (5th Cir. 2009); see also BOP Program Statement 5880.28.

The BOP has mistakenly given only partial concurrent state sentence credits, and no federal credits for awaiting federal sentence. If the Willis exception applies as the BOP states it does, then it must apply to all of the time Swontek served for the Washington County sentence, and not only partially. In addition, the district court granted concurrency and retroactivity with the sentence imposed which Swontek asks this Court to consider.

In sum, the BOP's calculation has changed twice and is still error, which Swontek asks this Court to resolve.

Respectfully Submitted,

/s/ Brian Swontek

Brian Swontek, Reg. #22293-084
FCC Coleman Medium A-3
P.O. Box 1032
Coleman, FL 33521-1032

-7-

## CERTIFICATE OF SERVICE

I, Brian Swontek, HEREBY CERTIFY that a true and correct copy of the foregoing Motion was mailed, under the penalty of perjury, to the Clerk of Court at the United States District Court at 401 West Central Boulevard, Suite 1200 Orlando, FL 32801. Upon receipt, the clerk will service all interested parties via the CM/ECF system.

DATED: 6-26-2023

Brian Swontek, Reg. #22293-084
FCC Coleman Medium A-3
P.O. Box 1032
Coleman, FL 33521-1032